UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MARY AIGELTINGER,

                             Plaintiff,

-vs-

TARGET CORPORATION.

                             Defendants.

Case No.: 5:21-CV-745
(DNH/ML)

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS FOR LEAVE TO FILE AND SERVE AMENDED COMPLAINT, JOIN ADDITIONAL DEFENDANTS, AND REMAND THIS CASE TO STATE COURT

DATED: Syracuse, New York
July 1, 2022

                    MACKENZIE HUGHES LLP

                    By:    Megan K. Thomas, Esq.
                           Bar Roll No.: 700134
                           Jennifer Caggiano, Esq.
                           *Attorneys for Plaintiff*
                           Mackenzie Hughes Tower
                           440 S. Warren Street, Suite 400
                           Syracuse, New York 13202
                           Telephone (315) 233-8353

{M0904854.1}

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT............................................................................................1

LEGAL ARGUMENT ............................................................................................................2

    A.  THIS COURT SHOULD ALLOW PLAINTIFF TO AMEND THE PLEADINGS TO ADD ADDITIONAL DEFENDANTS BECAUSE THERE WILL BE NO PREJUDICE TO THE DEFENDANTS AND THERE CAN BE NO SHOWING OF UNDUE DELAY, BAD FAITH, DILATORY MOTIVE, OR FUTILITY ...................2

    B.  JOINDER SHOULD BE GRANTED BECAUSE THE ALLEGATIONS ARISE OUT OF THE SAME OCCURRENCE AND JOINING BENDERSON COMPORTS WITH PRINCIPLES OF FUNDAMENTAL FAIRNESS ............................................4

        i.      The Allegations Arise Out of The Plaintiff's Accident ...................4

        ii.     Plaintiff Seeks to Join Benderson in Good Faith and This Will Not Prejudice Defendants .......................................................................4

    C.  THIS CASE SHOULD BE REMANDED TO STATE COURT BECAUSE THIS COURT WILL LACK SUBJECT MATTER JURISDICTION....................................6

CONCLUSION .......................................................................................................................6

# TABLE OF AUTHORITIES

**CASE(S):**                                                            **PAGE(S):**

*Bruno v. Zimmer*, Inc.,
    2017 U.S. Dist. LEXIS 216684, *13 (EDNY 2017)..................................................4

*Blesedell v. Mobil Oil Co.*,
    708 F. Supp. 1408, 1421 (SDNY 1989)...............................................................4

*City of New York v. Group Health Inc.*,
    649 F.3d 151, 157 (2d Cir. 2011)........................................................................ 2

*Corchado v. Product Design & Dev., Inc.*,
    2000 U.S. Dist. LEXIS 1179, 7 (SDNY).............................................................4

*Foman v. Davis*,
    371 U.S. 178 (1962)............................................................................................2
*Sacerdote v. New York Univ.*
    9 F.4th 95, 115 (2d. Circ. 2001)..........................................................................2

*United States v. New York*,
    82 F.R.D. 2 (NDNY 1978)..................................................................................2

*Vasura v. Acands*,
    84 F. Supp. 2d 531, 533 (SDNY 2000) ..............................................................6

**STATUTES:**

Fed. R. Civ. P. 15 ....................................................................................................1, 2, 7

Fed. R. Civ. P. 20 ....................................................................................................1, 4, 7

NY CLS CPLR § 214 ......................................................................................................3

28 USCS § 1447(e)............................................................................................1, 2, 6, 7

## PRELIMINARY STATEMENT

Plaintiff Mary Aigeltinger seeks leave to file an amended complaint in accordance with Fed. R. Civ. P. 15 and Fed. R. Civ. P. 20, joining Benderson Properties, Inc., Benderson Niagara Associates, Inc., Randall Benderson, David H. Baldauf, and The Ronald Benderson 1995 Trust ("Benderson") as defendants to the lawsuit and alleging additional injuries that Plaintiff is suffering from as a result of the underlying accident. The present motion is necessary because the time to amend as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) has expired. Plaintiff further seeks to remand this action to state court for lack of subject matter jurisdiction pursuant to 28 USCS § 1447(e).

As alleged in the underlying complaint (the "Complaint" or the "underlying Complaint"), Plaintiff was injured on the sidewalk outside of a Target in Syracuse, New York. Though Target recently admitted that it owned the sidewalk, discovery revealed that Benderson at times maintained the sidewalk where Plaintiff was injured and may have been responsible for managing the same. In addition, Plaintiff learned that Benderson may have made repairs to the area of the sidewalk where Plaintiff fell prior to April 19, 2020. Therefore, Benderson may be liable to Plaintiff and Plaintiff seeks to join Benderson as Defendants to this lawsuit. In addition, Plaintiff testified during her deposition to additional medical issues since her underlying Complaint was filed, including headaches and forehead pain, which she seeks to add to her amended complaint.

This Court should grant Plaintiff's motion to amend because the allegations against Benderson arise out of the same occurrence as the allegations against Target, namely Plaintiff's accident. In addition, there would be no prejudice to Target who was on notice of Benderson's

1

involvement with the sidewalk where Plaintiff fell. In addition, there would be no prejudice to Benderson as the statute of limitations has not expired and discovery is ongoing. In addition, Target was on notice of Plaintiff's additional injuries as it participated in her deposition.

If this Court allows Plaintiff to amend the underlying Complaint to join Benderson as additional defendants, there will no longer be diversity and this case should be remanded back to state court pursuant to 28 USCS § 1447(e). Remanding the case back to state court comports with principles of fundamental fairness and Plaintiff is not motivated by forum-shopping. Rather, she seeks to add defendants who may be liable for her injuries and who she was unaware of when she filed her underlying Complaint.

## LEGAL ARGUMENT

### A. THIS COURT SHOULD ALLOW PLAINTIFF TO AMEND THE PLEADINGS TO ADD ADDITIONAL DEFENDANTS BECAUSE THERE WILL BE NO PREJUDICE TO THE DEFENDANTS AND THERE CAN BE NO SHOWING OF UNDUE DELAY, BAD FAITH, DILATORY MOTIVE, OR FUTILITY.

Courts should freely give leave for a party to amend its pleading before trial. Fed. R. Civ. P. 15. Indeed, the Second Circuit has shown strong liberality in allowing amendments in recognition of the principle that controversies should be decided on merits whenever practicable. *See United States v. New York*, 82 F.R.D. 2 (NDNY 1978). The Supreme Court has held, leave to amend a complaint should be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178 (1962). Indeed, an amendment should be granted absent prejudice to the defendant(s), or a showing of undue delay, bad faith, dilatory motive, or futility. *Sacerdote v. New York Univ.* 9 F.4th 95, 115 (2d. Circ. 2001); *City of New York v. Group Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011) (stating "The rule in [the Second C]ircuit is to allow a party to amend its complaint unless the nonmovant demonstrates prejudice or bad faith.").

Here, amending the Complaint to add in Benderson is made in good faith. Plaintiff learned of Benderson's potential role as it relates to the sidewalk during discovery. There was much discrepancy during the early stages of discovery as to who owned, maintained, and managed the sidewalk. First, Plaintiff received a copy of an Operating Agreement between Target and Benderson suggesting that Benderson may have been responsible for managing and maintaining the sidewalk where Plaintiff was injured in or around the date Plaintiff was injured. Plaintiff also received work orders suggesting Benderson may have repaired the exact area of the sidewalk where Plaintiff was injured prior to her injury. In addition, Target's employees testified that Benderson performed some maintenance to the sidewalks. However, it remained unclear who owned the sidewalk and who was responsible for maintenance. Finally, on June 2, 2022, Target admitted it owned the sidewalk. Additional discovery must be conducted to determine the extent of Benderson's role and potential liability with respect to the sidewalk and consequently, Plaintiff is seeking to amend the Complaint in good faith to add in Benderson.

In addition, allowing Plaintiff to amend the Complaint will not cause prejudice to Defendant Target or the proposed defendants. Indeed, Target was on notice of Benderson's involvement as evidenced by the fact that Target provided Plaintiff with the documents demonstrating Benderson's involvement with the sidewalk and its employees testified to the same. Benderson will not be prejudiced by the amended complaint because the statute of limitations has not yet expired pursuant to NY CLS CPLR § 214, and discovery is ongoing. Importantly, if the Complaint is amended and the case is remanded to state court, discovery will re-commence allowing Benderson to fully participate.

Similarly, amending the Complaint to allege additional injuries should be granted because this amendment is also made in good faith. Plaintiff did not plead these injuries initially

because she was not aware they were related to this injury and/or these injuries became more pronounced after the underlying Complaint was filed. In addition, Target's counsel is aware of the additional health concerns relating to Plaintiff's head and forehead because Plaintiff testified to these injuries during her deposition.

### B. JOINDER SHOULD BE GRANTED BECAUSE THE ALLEGATIONS ARISE OUT OF THE SAME OCCURRENCE AND JOINING BENDERSON COMPORTS WITH PRINCIPLES OF FUNDAMENTAL FAIRNESS

#### i. The Allegations Arise Out of The Plaintiff's Accident

Defendants may be joined to an existing action if any right to relief is asserted against them jointly, severally, or in the alternative with respect to the same occurrence. Fed. R. Civ. P. 20. It is well-established that the policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits. *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (SDNY 1989). The determination of joinder lies within the discretion of the district court. *See Bruno v. Zimmer*, Inc., 2017 U.S. Dist. LEXIS 216684, *13 (EDNY 2017).

Here, the allegations against Benderson arise out of the same occurrence, Plaintiff's fall in on the sidewalk. If Benderson is not joined in the existing action, Plaintiff will pursue her claims against Benderson separately in state court. This would result in Plaintiff incurring exuberant and unnecessary costs. Furthermore, having two separate cases for claims arising out of the same occurrence is inefficient.

#### ii. Plaintiff Seeks to Join Benderson in Good Faith and This Will Not Prejudice Defendants

Where permissive joinder would destroy the Court's subject matter jurisdiction, the Court must ensure the proposed joinder will comport with principles of fundamental fairness. *Corchado v. Product Design & Dev., Inc.*, 2000 U.S. Dist. LEXIS 1179, 7 (SDNY). The factors to consider in assessing fundamental fairness are as follows:

1. Any delay as well as the reason for the delay, in seeking joinder;
2. resulting prejudices to the defendant;
3. likelihood of multiple litigation cases; and
4. plaintiff's motivation for the amendment.

Courts should also consider whether a Plaintiff will be unfairly prejudiced by having to litigate in two different forums. *See Puricelli v. CNA Ins. Co.,* 185 F.R.D. 139, 142 (NDNY 1999).

In this case, while joinder will cause some delay in discovery, the discovery as to Benderson must occur in some forum – whether it be in this action or a separate action between Benderson and Plaintiff. It is in the interests of judicial economy to consolidate these cases that arise out of the same occurrence and conduct discovery in one matter.

In addition, the reason for the delay in joining Benderson is simply because Plaintiff was unaware of Benderson's involvement in this matter, or even their existence, prior to discovery. Indeed, during discovery there was a lot of discrepancy as to who owned, maintained, and managed the sidewalk where Plaintiff fell. On June 2, 2022, Target finally admitted in their response to Plaintiff's Request for Admission, that they owned the sidewalk. However, deposition testimony from Target's employees as well as an operating agreement between Benderson and Target suggest Benderson may have been responsible for maintenance and management of the sidewalk. In addition, work orders indicate Benderson may have repaired the location in the sidewalk where Plaintiff fell prior her accident.

Defendant Target will not be prejudiced by Benderson joining the case because Target was aware of Benderson's involvement based on the testimony of its employees and the documents it produced during discovery. Benderson is not prejudiced because the statute of limitations as to Benderson has not run and discovery will re-commence in state court.

If this Court fails to remand this case to state court, Plaintiff would be unfairly prejudiced because she would incur substantial expenses litigating two cases arising out of the same occurrence in two separate courts.

Finally, Plaintiff's motivation in seeking to join Benderson is to hold them liable for any action or inaction that caused her substantial injuries. Plaintiff is not "forum shopping" and there can be no suggestion that she is doing so based on the facts. Rather, because of Benderson's connection to the sidewalk and possible duties relating to the same, Plaintiff intends to bring a suit against Benderson regardless of whether her motion to amend is granted.

### C. THIS CASE SHOULD BE REMANDED TO STATE COURT BECAUSE THIS COURT WILL LACK SUBJECT MATTER JURISDICTION

If, after a case is removed from state to Federal court a Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the federal court may permit joinder and remand the action to state court. 28 USCS § 1447(e); *Vasura v. Acands*, 84 F. Supp. 2d 531, 533 (SDNY 2000). Here, as articulated in the proposed amended complaint, proposed defendants Benderson Properties, Inc., Benderson-Niagara Associates, Inc., David H. Baldauf, and The Ronald Benderson 1995 Trust are all citizens of New York. Plaintiff is also a citizen of New York. These facts defeats diversity and consequently, this Court should remand this case back to state court.

### CONCLUSION

For the reasons stated above, this Court should grant the Plaintiff's pending motions, allowing her to amend the Complaint to join in additional defendants and remand this case to state court.

**WHEREFORE**, Plaintiff requests an order from this Court (1) granting Plaintiff leave to file and serve an amended complaint in this matter joining Benderson Properties, Inc., Benderson Niagara Associates, Inc., Randall Benderson, David H. Baldauf, and The Ronald Benderson 1995 Trust as defendants to the lawsuit pursuant to Rule 15(a)(2) and 20 of the Federal Rules of Civil Procedure; (2) remanding this matter back to state court for lack of subject matter jurisdiction pursuant to 28 USCS § 1447(e); and (3) granting Plaintiff such other relief as the Court deems just and proper, or in the alternative, extending the deadline to file a motion for joinder to August 1, 2022.

DATED: Syracuse, New York
July 1, 2022

MACKENZIE HUGHES LLP

By: Megan K. Thomas, Esq.
   Bar Roll No.: 700134
   Jennifer Caggiano, Esq.
   *Attorneys for Plaintiff*
Mackenzie Hughes Tower
440 S. Warren Street, Suite 400
Syracuse, New York 13202
Telephone (315) 233-8353

TO: Jody E. Briandi, Esq.
   Hurwitz & Fine, P.C.
   *Attorneys for Defendant*
   1300 Liberty Building
   424 Main Street
   Buffalo, New York 14202

{M0904854.1}                              7