UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY AIGELTINGER,

                Plaintiff,

        -v-               5:21-CV-745

TARGET CORPORATION

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:              OF COUNSEL:

MACKENZIE HUGHES LLP     JENNIFER D. CAGGIANO, ESQ.
Attorneys for Plaintiff         CHRISTOPHER A. POWERS,
Mackenzie Hughes Tower         ESQ.
440 South Warren Street, Suite 400
Syracuse, NY 13202

HURWITZ FINE P.C.          JODY E. BRIANDI, ESQ.
Attorneys for Defendant       ANASTASIA M. MCCARTHY,
1300 Liberty Building          ESQ.
424 Main Street
Buffalo, NY 14202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On December 11, 2020, Mary Aigeltinger ("Aigeltinger" or "plaintiff") filed this action against Target Corporation ("Target" or "defendant") in the Supreme Court, Onondaga County.  *See* Ex. B to Dkt. No. 1.  Plaintiff's one-count complaint alleges that defendant was negligent for allowing a hazardous condition to exist on the sidewalk outside of its store entrance, thereby causing her to fall and sustain injuries.  *Id.*

On June 30, 2021, Target removed the case from Onondaga Supreme Court based on diversity jurisdiction.  *See* Dkt. No. 1.  Following an amendment to defendant's notice of removal, Dkt. No. 18, the parties engaged in a period of discovery, *see, e.g.*, Dkt. No. 34.

On July 1, 2022, Aigeltinger moved under Rules 15 and 20 of the Federal Rules of Civil Procedure to allege additional facts regarding injuries that she has suffered as a result of her fall, and join as defendants Benderson Properties, Inc., Benderson Niagara Associates, Inc., Randall Benderson, David H. Baldauf, and The Ronald Benderson 1995 Trust (collectively "Benderson").  Dkt. No. 53.

The motion has been fully briefed and will be considered on the basis of submissions without oral argument.

## II. **BACKGROUND**

The following facts are taken from Aigeltinger's proposed amended complaint. *See* Dkt. 53-4.

On April 19, 2020, Aigeltinger was on the premises of a Target store. Am. Compl. ¶ 10. As plaintiff was "walking slowly and carefully on the sidewalk," "her foot caught in a hole and/or jagged edge in the sidewalk outside the front main entrance as she attempted to enter the store" causing her to fall to the ground, hitting her face, hands, and knees on the sidewalk. *Id.* ¶¶ 11–12. According to plaintiff, "[t]here were no signs, warnings or any other notification to warn [her] that there was a dangerous hazard on the sidewalk." *Id.* ¶ 13. Plaintiff asserts that as a result of her fall, she has experienced severe and permanent injuries, great pain and suffering, and extensive medical care and treatment. *See id.* ¶ 19.

## III. **DISCUSSION**

Aigeltinger has moved to join Benderson as defendants and allege additional injuries that she has suffered as a result of her fall. Pl.'s Mem., Dkt. No. 53-10 at 4.[1] As plaintiff explains, there will no longer be diversity jurisdiction upon the addition of Benderson. *Id.* at 9. Consequently, plaintiff

---

[1] Pagination corresponds to CM/ECF.

requests that this case be remanded to state court pursuant to 28 U.S.C. § 1447(e).  *Id.*

As an initial matter, Target asserts that Aigeltinger's motion for joinder is untimely because her motion was made after "the court's scheduling order deadline for motions addressing jurisdiction and to remand the case to state court."  Def.'s Opp'n, Dkt. No. 56-7 at 10.  According to defendant, because "the present motion clearly addresses the court's jurisdiction over this matter and directly seeks remand of the case to state court . . . [it] should have been filed by the May 31, 2022, deadline for those motions."  *Id.* at 11.  As a result, defendant implies that plaintiff must demonstrate "good cause" for her failure to meet the deadlines pursuant to Rule 16 of the Federal Rules of Civil Procedure.  *Id.* at 9–11.

A "good cause" analysis is not warranted because Aigeltinger's motion complies with the scheduling order.  Granted, a deadline of May 31, 2022, for motions joining additional parties was originally imposed.  Dkt. No 37.  However, discovery raised questions regarding the ownership, possession, and control of the sidewalk.  *See* Dkt. No 48.  Subsequently, plaintiff served a Request for Admission to "clarify any discrepancies" regarding ownership, possession, and control of the sidewalk.  *See id.*  While plaintiff was awaiting Target's response, she requested that the deadline to file a motion for joinder be extended.  *Id.*  This extension was requested "to accommodate

[d]efendant's time to respond to the Request for Admission and allow [p]laintiff sufficient time to fully evaluate any potential motions for joinder and/or remand." *See id.*

On May 20, 2022, the assigned Magistrate Judge granted Aigeltinger's request and the deadline to file a motion for joinder was extended to July 1, 2022. Dkt. No 49. Thus, because plaintiff's motion was filed on July 1, 2022, it was timely and complied with the scheduling order. Therefore, plaintiff does not have to establish "good cause" under Rule 16.

### A. Permissive Joinder

Where a case has previously been removed to federal court and a plaintiff seeks to join additional defendants "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."[2] 28 U.S.C. § 1447(e). In exercising this discretion, courts first consider whether joinder is appropriate under Rule 20(a)(2). *Vanderzalm v. Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (citation omitted). If joinder is permissible under Rule 20(a)(2), courts proceed to determine whether "allowing the joinder destroying diversity in the amended complaint comports with 'principles of

---

[2] Aigeltinger also relies on Rule 15 in asserting that Benderson can be properly joined as defendants. However, "as the motion has been brought post-removal, it is governed by section 1447(e). . . ." *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321, 327 (S.D.N.Y. 2001).

fundamental fairness.'"  *Id.* at *4 (quoting *Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008)).

## B.  <u>Rule 20(a)(2)</u>

Joinder is permissible under Rule 20(a)(2) if: (1) there is asserted against both the new and existing parties a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) the action will give rise to "any question of law or fact common to all defendants."  FED. R. CIV. P. 20(a)(2).

Aigeltinger has satisfied both requirements of permissive joinder under Rule 20(a)(2).  First, plaintiff's claim against both Benderson and Target arise out of the same occurrence – plaintiff's fall on the sidewalk.  *See Duino v. CEM W. Vill., Inc.*, 2020 WL 3249214, at *2 (S.D.N.Y. June 16, 2020) (finding that claims against defendant and proposed defendant arose out of the same "transaction, occurrence, or series of transactions or occurrences" where "the right to relief" asserted against both defendants centered around the "same alleged fall.").  Accordingly, plaintiff has satisfied the first requirement under Rule 20(a)(2).

Second, Aigeltinger's claim against Benderson will include many of the same questions of law and fact as her claim against Target.  Namely, there are common questions of fact regarding the cause and nature of plaintiff's injury, and who was responsible for the maintenance of the sidewalk prior to

her fall.  Moreover, common questions of law exist with respect to the relative

liability of Target and Benderson.  Thus, plaintiff has satisfied both

requirements of permissive joinder under Rule 20(a)(2).

### C.  Fundamental Fairness

Joinder of Benderson as defendants also comports with the "principles of

fundamental fairness."  In determining whether joinder is consistent with

"principles of fundamental fairness," courts consider four factors: (1) any

delay, and the reasons for the delay, in seeking to amend; (2) any resulting

prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the

plaintiff's motivation in moving to amend.  *Spicer v. Oak Leaf Outdoors, Inc.*,

2021 WL 5279631, at *2 (N.D.N.Y. Nov. 12, 2021) (citing *Briarpatch Ltd.,*

*L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000)).  All four factors weigh

in favor of allowing joinder of Benderson as defendants.

### 1.  Delay in Seeking to Amend

The first factor, delay, "is measured from the date of removal."  *Spicer*,

2021 WL 5279631, at *2 (citations omitted).  As relevant here, Target

removed this case on June 30, 2021.  *See* Dkt. No. 1.  Thereafter, on July 1,

2022, Aigeltinger sought to join Benderson as defendants.  *See* Dkt. No. 53.

Thus, there has been a delay of approximately twelve months between the

time of the removal and this motion.  Although such a delay is significant, it

is still necessary to "balance the aggregate length of the delay against the

- 7 -

facts and circumstances of this case." *Bruno v. Zimmer, Inc.*, 2017 WL 8793242, at *15 (E.D.N.Y. Aug. 11, 2017) (collecting cases).

The facts and circumstances of this case indicate that plaintiff's delay is excusable.  First, "joinder may be allowed where, as here, a plaintiff discovers new information, subsequent to filing its complaint, that warrants the addition of new parties." *Roll On Express, Inc. v. Travelers Indem. Co. of Conn.*, 2009 WL 1940731, at *6 (E.D.N.Y. July 2, 2009); *see also Duino*, 2020 WL 3249214, at *3 (finding that the plaintiff did not delay unreasonably in joining a party as a defendant where the plaintiff was unaware of the party's potential liability when filing suit); *Ambac Assurance Corp. v. EMC Mortg. Corp.*, 2011 WL 566776, at *3 (S.D.N.Y. Feb. 8, 2011) (same).

Aigeltinger asserts that "the reason for the delay in joining Benderson is simply because [she] was unaware of Benderson's involvement in this matter, or even their existence, prior to discovery."  Pl.'s Mem. at 8.  As such, plaintiff has provided an adequate explanation for her delay in bringing this motion.

Second, in assessing delay, courts have considered "whether the motion was made in compliance with any scheduling order issued by the court." *Smith v. Nkomarume*, 2018 WL 4660362, at *5 (S.D.N.Y. Sept. 5, 2018) (citation omitted).  Notably, "[w]here a motion or joinder falls within the schedule set by the court for such motions, this alone may excuse what might otherwise be seen as an unreasonable delay." *Id.* (citation omitted).

Aigeltinger's request to join Benderson as defendants is timely and complies with the scheduling order deadline of July 1, 2022.  Thus, plaintiff has not delayed unreasonably in seeking to join Benderson as defendants.  As a result, this factor favors allowing joinder.

## 2. **Prejudice to Defendant**

In assessing the second factor, prejudice, courts often look to the stage of the litigation and "whether joinder will force a defendant 'to change a litigation strategy in pursuit of which resources have already been expended.'"  *Spicer*, 2021 WL 5279631, at *3 (quoting *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003)).

Target will not be unduly prejudiced by joinder of Benderson as defendants and the resulting remand to state court.  At this stage of the litigation, discovery is ongoing.  However, "[e]ven where discovery is near completion, it has often been found insufficient to preclude joinder."  *Id.* (citation omitted); *see also Durstenberg v. Electrolux Home Prod., Inc.*, 2016 WL 750933, at *2 (S.D.N.Y. Feb. 23, 2016) ("Even if there *had* been discovery, that alone would not suffice to find prejudice, as long as Defendants would not be forced to revise or abandon their litigation strategy as a result.").

Target has not asserted that it will be required to "revise or abandon" its litigation strategy if Benderson were to be joined as defendants.  *See Smith*, 2018 WL 4660362, at *6.  Accordingly, because defendant has failed to

demonstrate that it will be unduly prejudiced, this factor weighs in favor of allowing joinder.

### 3. **Likelihood of Multiple Litigation**

Generally, courts addressing the third factor, the likelihood of multiple litigation, consider "whether denying joinder will result in two parallel litigations – one in state court and one in federal court." *Vanderzalm*, 875 F. Supp. 2d at 186.  "Courts in our circuit have held that avoidance of multiple litigation weighs in favor of joinder of a party, even if joinder will defeat diversity." *Juliano v. Toyota Motor Sales, U.S.A., Inc.*, 20 F. Supp. 2d 573, 576 (S.D.N.Y. 1998) (citations omitted).

Aigeltinger has clearly indicated that if her motion for joinder is denied, she will bring a separate action against Benderson in state court.  Pl.'s Mem. at 7.  Thus, joinder of Benderson will avoid duplicative lawsuits.  Judicial economy will also be furthered by "preventing the proliferation of multiple litigations." *Buffalo State Alumni Ass'n, Inc. v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 570 (W.D.N.Y. 2017); *see also Spicer*, 2021 WL 5279631, at *3 (noting that joinder is favored where denial of joinder would result in a waste of judicial resources).  Especially here, "[i]n light of the overlapping factual and legal issues involved in this case . . . ." *Bruno*, 2017 WL 8793242, at *17. Therefore, this factor favors permitting joinder of Benderson as defendants.

### 4. **Plaintiff's Motivation**

As to the last factor, the motivation for the amendment, "[w]here the other

three factors are met, this Court is required to remand the action to state

court 'unless a plaintiff seeks to add a non-diverse party *solely* to destroy the

court's basis for diversity jurisdiction.'" *Durstenberg*, 2016 WL 750933, at *2

(citation omitted).  "To determine a plaintiff's motivation for joining a non-

diverse defendant, 'courts typically look to the timing of the joinder, the

circumstances of the case, and whether there is a cause of action against the

non-diverse defendant.'" *Duino*, 2020 WL 3249214, at *4 (citation omitted).

However, "[w]here, as here, a plaintiff 'discovers new information,

subsequent to filing its complaint, that warrants the addition of new parties,'

courts have routinely held that no inference arises that the plaintiff was

motivated to join the defendant solely to defeat jurisdiction." *Ruiz v. Forest

City Enters., Inc.*, 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) (citation

omitted).

Target seems to imply that Aigeltinger seeks to join Benderson as

defendants solely to destroy diversity jurisdiction.  *See* Def.'s Opp'n at 11.

However, "[b]ald assertions or implications that a plaintiff is motivated only

to destroy diversity are insufficient proof of such motivation." *Dieng v. Smith

& Nephew Dyonics*, 2003 WL 22240748, at *3 (S.D.N.Y. Sept. 29, 2003)

(citation omitted).  Thus, because there is no basis for concluding that

plaintiff brought this motion solely to defeat jurisdiction, this factor favors permitting joinder.

## IV.  CONCLUSION

Joinder of Benderson as defendants is permissible under Rule 20(a)(2) and comports with "principles of fundamental fairness."  Accordingly, Aigeltinger's motion to join Benderson as defendants shall be granted. Because the addition of Benderson destroys complete diversity between the parties, this case must be remanded pursuant to Section 1447(e).[3]  Plaintiff's motion to amend her complaint to add additional injuries will be denied without prejudice to refiling in state court if appropriate.

Therefore, it is

ORDERED that

1. Plaintiff's motion for joinder is GRANTED;

2. Plaintiff's proposed amended complaint is accepted for filing;

3. Plaintiff is directed to serve a copy of the amended complaint on the defendants, Target Corporation, Benderson Properties, Inc., Benderson Niagara Associates, Inc., Randall Benderson, David H. Baldauf, and The Ronald Benderson 1995 Trust;

---

[3] Aigeltinger's one-count pleading alleges a state law negligence claim.  Target removed this case to federal court on the basis of diversity jurisdiction.  No federal question appears on the face of the operative pleading, and neither party has suggested that federal-question jurisdiction would be appropriate.

4. The caption of the amended complaint shall appropriately reflect that this matter has been returned to the Supreme Court, Onondaga County;

5. The action is REMANDED to the Supreme Court, Onondaga County for all further proceedings for lack of subject matter jurisdiction;

6. The Clerk is directed to transmit the file, together with a copy of this Memorandum-Decision and Order, to the Clerk of Court for the Supreme Court, Onondaga County; and

7. The Clerk is directed to terminate the pending motion and close the file.

IT IS SO ORDERED.


Dated:  November 15, 2022
        Utica, New York.

David N. Hurd
U.S. District Judge

- 13 -